UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WILLIAM EARL LOGAN-BEY, a/k/a Freddie James Prewitt-Bey | Case No. 20-CV-0407 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF MINNESOTA; DAVID DUFFY, Hennepin County Judge; MICHAEL O. FREEMAN, County Attorney; SAHRA HILLERANT, Assistant Attorney; GAY GLAZE, Public Defender; APPEALS COURT JUDGE NAME UNKNOWN; STATE SUPREME COURT JUDGE NAME UNKNOWN; MELISSA BANHAM, Investigator; EMILY MELLIGEN; MATTHEW ZACHARY; SHERILYNDA WHEELER, ADA Coordinator; AWA L.T., SERGEANT OF ACU SEGREGATION UNIT; JOAN WOLFF, Hospital Administrator; CHRISTIAN, Hospital Supervisor; KELLY McELROY, Case Manager; ANDREA LYNN LOVETT, Senior Clinical Forensic Psychologist; DR. CRAANE, all in their official and individual capacities.[1] | |
| Defendants. | |

---

[1] On March 5, 2020, the Clerk's Office docketed ECF No. 8 and labeled the document: "Letter to Magistrate Judge/Request to Amend Complaint." Logan-Bey styles this document as his "Second Amended Complaint" and purports to bring several additional claims against new defendants not named in his first amended complaint. Judge Thorson's R&R addresses these additional claims, and the R&R's caption reflects the addition of the new defendants. This order does the same.

William Earl Logan-Bey, pro se.

This matter is before the Court on plaintiff William Earl Logan-Bey's objection to the April 2, 2020 Report and Recommendation ("R&R") of Magistrate Judge Becky R. Thorson.[2]  ECF No. 18.  Judge Thorson recommends dismissing Logan-Bey's complaint without prejudice for failure to state a claim and denying Logan-Bey's applications to proceed in forma pauperis as moot.  ECF No. 17.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Logan-Bey's objection and adopts Judge Thorson's R&R.

Logan-Bey's objection to the R&R consists of several arguments regarding the legality of his state-court conviction and sentence for third-degree criminal sexual conduct.[3]  As Judge Thorson explained, Logan-Bey's attempt to raise these challenges in a § 1983 action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Logan-Bey wishes to challenge the legality of his conviction or sentence, he must seek permission from the

---

[2]This order addresses both the arguments that Logan-Bey raised in his initial objection to the R&R, ECF Nos. 18–20, as well as those raised in the supplemental letters and exhibits that Logan-Bey has filed with the Court, ECF Nos. 21, 22.

[3]Specifically, Logan-Bey challenges the state court's authority to try his case [ECF No. 18 at 1–2; ECF No. 19 at 1; ECF No. 21 at 2], the sufficiency of the evidence against him [ECF No. 18 at 4; ECF No. 19 at 1; ECF No. 20 at 5], the application of the state sentencing guidelines [ECF No. 18 at 2; ECF No. 19 at 1], the validity of his waiver of the right to counsel [ECF No. 20], and the state's delay in bringing charges against him [ECF No. 20 at 5].  Logan-Bey also alleges prosecutorial misconduct in the course of his trial [ECF No. 21 at 2].

Eighth Circuit to file a second or successive application for a writ of habeas corpus. 28 U.S.C. § 2244(b); *see Prewitt v. Reiser*, No. 13-CV-2866 (JRT/LIB), 2014 WL 5325356 (D. Minn. Oct. 20, 2014) (denying Logan-Bey's first habeas petition); *see also Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989) ("Congress intended habeas corpus to be the exclusive federal remedy for all who seek to attack state court convictions. A petitioner may not obviate the comity concerns of exhaustion and procedural forfeiture by substituting section 1983 for federal habeas corpus to attack a state court conviction." (internal citation omitted)).

Logan-Bey requests that this Court "[r]ecommend or order this case to be heard and decided by the Supreme Court of the United States or Common law Court in [Philadelphia, Pennsylvania]." ECF No. 18 at 3. But this Court has no authority to order the United States Supreme Court to hear Logan-Bey's § 1983 claim, and there is no basis for transferring this action to another jurisdiction. Logan-Bey's request is therefore denied.

Logan-Bey also asks that this Court stay the adjudication of his § 1983 claim pending the outcome of a lawsuit that he recently filed in state court.[4] ECF No. 22 at 1. Logan-Bey has not identified the nature of his state-court claims, nor has he explained

---

[4]The lawsuit to which Logan-Bey refers, *Prewitt-Bey v. Minnesota Department of Corrections*, No. 82-CV-20-1602 (Minn. Dist. Ct. Apr. 15, 2020), was filed more than two months after Logan-Bey filed his § 1983 complaint in this case, and more than a week after Judge Thorson issued the R&R recommending the dismissal of his complaint.

how the resolution of that case will affect the present lawsuit. *See Modern Equip. Co. v. Cont'l W. Ins. Co.*, 146 F. Supp. 2d 987, 992 (S.D. Iowa 2001) (declining to stay proceedings pending the outcome of a state-court action where defendant failed to show that the two cases "involve[] substantially identical issues" (citing *Manley v. Keystone Food Prods., Inc.*, 859 F.2d 80 (8th Cir. 1988))). Logan-Bey's first and second amended complaints fall far short of pleading any plausible claim against any defendant. Whatever the nature of Logan-Bey's state-court action, the resolution of his claims in that case cannot remedy the deficiencies of his complaints in this action.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Logan-Bey's objection [ECF No. 18] and ADOPTS the April 20, 2020 R&R [ECF No. 17]. IT IS HEREBY ORDERED THAT:

1. Plaintiff's first and second amended complaints [ECF Nos. 6, 8] are DISMISSED WITHOUT PREJUDICE for failure to state a claim.

2. Plaintiff's applications to proceed in forma pauperis [ECF Nos. 2, 7] and his motion to answer [ECF No. 3] are DENIED AS MOOT.

3. Plaintiff is ordered to pay the unpaid balance of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Clerk

of Court is directed to provide notice of this requirement to the authorities at the institution where Logan-Bey is confined.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 18, 2020                              s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge